# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN R. COLLINS, | ) | CASE NO. 3:17-cv-02299 |
| | ) | |
| PETITIONER, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| | ) | |
| WARDEN CHARLOTTE JENKINS,[1] | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| RESPONDENT. | ) | |

On October 31, 2017, Petitioner John R. Collins ("Petitioner" or "Collins"), through counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 1. Collins challenges the constitutionality of his conviction and sentence in *State of Ohio v. John R. Collins*, Case No. 13 CR 11683 (Defiance County)[2] following a guilty plea to a Bill of Information containing 10 counts of pandering sexually-oriented matter involving a minor, each a felony of the fourth degree.  Doc. 1, Doc. 7-1.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.   As discussed more fully herein, Collins contends that he did not plead guilty and that his

---

[1] Respondent's Return of Writ indicates that Tim Shoop is now the warden at Chillicothe Correctional Institution. Doc. 7, p. 1.

[2] Collins had two other criminal cases that were related to Case No. 13 CR 11683.  Doc. 7-1, p. 149.  Those cases also arose in Defiance County.  The first, Case No. 11 CR 11085, involved a plea of no contest to an amended charge of tampering with evidence.  Doc. 7-1, pp. 149, 150.  The second, Case No. 13 CR 11753, involved a plea of guilty to a charge of bribery.  Doc. 7-1, pp. 149, 151-152.  The bribery charge stemmed from Collins' written request to an individual that the individual's 11-year old son make a statement indicating that it was he who had downloaded the illegal material found on Collins' computer in exchange for a truck or "chevelle."  Doc. 7-1, pp. 151-152.

direct appeal counsel was constitutionally ineffective for failing to argue that Collins never entered a guilty plea.[3]  Doc. 1, Doc. 9.  He also argues that he is actually innocent of the 10 felonies because he never entered a guilty plea and never had a trial and that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional.  Doc. 1, Doc. 9.  In his Motion to Dismiss, Respondent argues that Collins' Petition should be dismissed because it is barred by AEDPA's one-year statute of limitations and/or because the claims raised are procedurally defaulted and/or are not cognizable on federal habeas review.  Doc. 7.

For the reasons set forth herein, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 7) and **DISMISS with prejudice** Collins' Petition (Doc. 1) as barred by the statute of limitations.

## I.      Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to a judgment of a state court, the state court's factual findings are presumed correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).  The Third District Court of Appeals summarized the factual background leading to the charges of pandering sexually-oriented matter involving a minor as follows:

> {14} At some time in March or April 2013, the Ohio Internet Crimes Against Children (ICAC) task force identified an IP address belonging to Collins as sharing and downloading known child pornography images, videos, and stills in a "peer to peer system." (Hr'g Tr. at 12, 28, Sept. 17, 2014; State's Ex. 10).  As a result, in May 2013, an investigator from the ICAC task force contacted the Defiance County Sheriff's Office with information indicating that Collins was in possession of child pornography movies.  A subsequent search of Collins's residence resulted in seizing a laptop computer with video files that depicted minors participating or engaging in sexual activity, masturbation, or bestiality.

---

[3] A plea hearing was held on July 14, 2014.  The transcript is located at Doc. 7-1, pp. 387-416 and is discussed more fully below.

Doc. 7-1, pp. 150-151.

## II.     Procedural Background

### A.     State conviction and sentencing

On June 6, 2013, the Defiance County grand jury indicted Collins on 25 counts of pandering sexually-oriented matter involving a minor in violation of O.R.C. § 2907.322(A)(1) or § 2907.322(A)(2), felonies of the second degree.  Doc. 7-1, pp. 5-19.  On March 13, 2014, Collins filed a motion to suppress Collins' statements to law enforcement and the laptop found during a May 17, 2013, search at Collins' residence.  Doc. 7-1, pp. 20-21.  The trial court conducted a hearing on the motion to suppress on April 30, 2014, and issued an order overruling the motion.  Doc. 7-1, pp. 22-23.

On July 14, 2014, the day prior to the scheduled start of the jury trial, a hearing was held. Doc. 7-1, pp. 387-416.  At the July 14, 2014, hearing, the parties presented their plea proposal to the court.  Doc. 7-1, pp. 388-391, 399-400.  The State agreed to dismiss the 25 count indictment charging Collins with second degree felonies and issue a Bill of Information charging Collins with 10 fourth degree counts of pandering.  Doc. 7-1, pp. 389-390; *see also* Doc. 7-1, pp. 24-27. At the conclusion of the plea hearing, wherein the trial court advised Collins of his rights and the nature of the offenses he was charged with and after Collins executed a waiver of indictment and waiver of the 24-hour notice period, the court accepted Collins' guilty plea, ordered a pre-sentence report and referred Collins to Court Diagnostic for a mitigation examination.  Doc. 7-1, pp. 28, 29, 30-36, 391-413.

On September 17, 2014, the trial court conducted a sentencing hearing.  Doc. 7-1, pp. 37-40, Doc. 7-2, pp. 1-43.  The sentencing judgment entry was docketed on September 22, 2014. Doc. 7-1, pp. 37-40.  The trial court sentenced Collins to a term of 17 months imprisonment as to

each of the 10 counts of pandering sexually-oriented matter involving a minor to be served consecutively to each other for a total term of 170 months.  Doc. 7-1, pp. 37-38, Doc. 7-2, pp. 35-36.  The trial court revoked the community control in Case No. 11 CR 11085 (tampering case) and ordered the resulting prison term to be served concurrently with the 170-month sentence.  Doc. 7-2, pp. 35-36.  With respect to Case No. 13 CR 11753 (bribery case), the trial court sentenced Collins to 30 months to be served consecutively to the 170-month sentence for a total aggregate term of 200 months imprisonment.  Doc. 7-1, p. 38, Doc. 7-2, p. 36.  The trial court classified Collins as a Tier II sex offender.  Doc. 7-1, pp. 38, 41, Doc. 7-2, p. 38.

**B.**      **Direct appeal**

On September 26, 2014, Collins, through counsel, filed a notice of appeal with the Third District Court of Appeals.  Doc. 7-1, pp. 42-48.  On January 30, 2015, Collins filed his appellate brief.  Doc. 7-1, pp. 48-75.  He raised the following two assignments of error:

> 1.  The trial court erred when they overruled the motion to suppress evidence in violation of the 4th and 14th Amendment to the United States Constitution, Article I Section 14 of the Ohio Constitution and ORC.
>
> 2.  The defendant-appellant's plea was not voluntarily and knowingly given and the appellant received ineffective assistance of counsel and violation of his rights under the Sixth and 14th Amendments to the United States Constitution in Article I, § 10 of the Constitution of the State of Ohio.

Doc. 7-1, pp. 50, 52-60, 143, 144.  On February 19, 2015, the State of Ohio filed its brief.  Doc. 7-1, pp. 76-141.  On May 18, 2015, the Third District Court of Appeals affirmed the judgments of the trial court.  Doc. 7-1, pp. 148-169.  The court of appeals found that Collins' pleas were voluntary and knowing and that he waived the right to challenge on appeal the trial court's ruling on the motion to suppress.  Doc. 7-1, p. 169, ¶ 32.

On July 31, 2015, Collins, acting pro se, filed a notice of appeal (Doc. 7-1, pp. 170-171) and motion for delayed appeal (Doc. 7-1, pp. 172-199) with the Supreme Court of Ohio.  As

explanation for seeking leave to file a delayed appeal, Collins indicated he had timely filed his appeal but he did not have a time stamped copy of the court of appeals' decision with his memorandum and his memorandum was in excess of 15 pages.[4]  Doc. 7-1, p. 173.  On September 30, 2015, the Supreme Court of Ohio denied Collins' motion for a delayed appeal and dismissed the matter.  Doc. 7-1, p. 200.

## C.    Application to reopen appeal

On August 3, 2015, Collins, acting pro se, filed an Ohio App. R. 26(B) application for reopening his appeal.  Doc. 7-1, pp. 201-211.  Collins argued that his counsel on direct appeal was ineffective for failing to raise the following assignments of error:

1. The trial court erred when it denied me my constitutional rights to be put face to face with the witness Article I Sec 10 of the Bill of Rights.

2. The trial court erred when it overruled my motion to suppress my Miranda were never read an[d] 3 out of 4 officers lied on the stand.

3. My trial lawyer was incompetent when he never told me about the Alford plea and what it do[es] for your case.

4. My trial lawyer & appeal lawyer was incompetent an[d] never raised issues of a 90,000 dollar brib[e] that my first lawyer made t[o] Judge Schmenk outside of the court syst[e]m as a result the judge ha[d] a personal bias against me.

5. The trial court erred when it over[r]uled my motion to suppress evidence because the warrant was no good an[d] a probation officer do[es] have rules they got to follow but did not follow Ohio law an[d] rules.

6. My appeal lawyer was incompetent when he did not raise issues that [I] never said [I] would take the courts plea deal.

7. The trial court was fraudulent when they denied me my constitutional rights to bring in witness for trial.

---

[4] Per the Rules of Practice of the Supreme Court of Ohio, a date-stamped copy of the court of appeals' opinion and judgment entry being appealed shall be included with the memorandum in support of jurisdiction and, except in postconviction death penalty cases, a memorandum in support of jurisdiction shall not exceed 15 pages. *See* S.Ct. Prac. R. 7.02 (B) & (D).

Doc. 7-1, pp. 204-209 (alterations supplied).  On September 21, 2015, the Third District Court of Appeals denied Collins' application for reopening (Doc. 7-1, pp. 212-213) finding that the additional assignments of error included in Collins' application did not show a genuine issue as to whether Collins was deprived of effective assistance of counsel on appeal (Doc. 7-1, p. 212).

Collins did not file a timely appeal with the Supreme Court of Ohio.  More than a year and a half later, on April 10, 2017, Collins, through counsel, filed a "motion for appropriate relief" with the Third District Court of Appeals.  Doc. 7-1, pp. 214-218.  Collins argued that he never received a copy of the court's September 21, 2015, judgment entry denying his application for reopening and he requested that the court reissue its decision with service upon his new counsel of record so that he could file an appeal with the Supreme Court of Ohio.[5]  Doc. 7-1, pp. 215-218.  On April 24, 2017, the court of appeals denied Collins' motion, stating in part:

> [T]he Court finds that the docket in this case shows that the judgment denying Appellant's application to reopen was filed on September 21, 2015 and, after the notation of filing, that "copies served upon all parties."  Consequently, the judgment was presumed filed and served on the parties, and notation of same was noted on the docket in compliance with App. R. 30(A).  Appellant's self-serving averment that he "never received a copy" of the judgment does not, alone, rebut the presumption and provide cause to order the judgment served a second time, to restart the time for filing an appeal.
>
> The Court further finds that, pursuant to the Court's consolidation order, Appellant's single application to reopen, with all three appellate case numbers, was properly filed in App. No. 4-14-14, and the September 21, 2015 judgment denied the application in all respects.  We note, incidentally, that the instant motion filed by counsel for Appellant was also prepared as a single document with all three appellate case numbers, and filed in App. No. 4-14-14.  Additional judgments in the other two cases are unnecessary.

---

[5] In the motion, Collins also argued that Collins' application for reopening pertained to all three of his criminal cases but the court of appeals' September 21, 2015, judgment entry was issued only under one of the three case numbers (4-14-14).  Doc. 7-1, p. 215.  Thus, he requested that the judgment entry be issued under all three cases.  Doc. 7-1, p. 215.

Doc. 7-1, p. 220.  Collins did not file with the Supreme Court of Ohio an appeal from the court

of appeals' April 24, 2017, judgment entry.

**D.    State post-conviction motions**

On October 20, 2015, Collins, acting pro se, filed a petition to vacate or set aside

judgment of conviction or sentence with the trial court pursuant to O.R.C. § 2953.21.  Doc. 7-1,

pp. 222-284.  Collins raised the following claims:

1. My constitutional rights[s] were violated by [an] illegal search.

2. My constitutional rights were violated when failed to read my Miranda rights then 3 out of 4 officers committed perjury 2921.11 on the stand.

3. My constitutional rights were violated when Judge Schmenk denied me my right to meet witnesses face to face and to examine witnesses face to face.

4. My constitutional rights were violated when Judge Schmenk entered me into a guilty plea I did not say [I] would take.

5. My const[itutional] rights were violated by abuse of discretion.

6. My constitutional rights were violated when Judge Schmenk didn't step down as judge in my case after the FBI came after him for a $90,000 dollar brib[e] was made by my lawyer Ian Weber to him personally.

7. My constitutional rights were violated when the sheriff dep[artment] tampered with evidence.

8. My rights to [a] fair trial are being violated by slander and abuse of discretion this was worded this way to mislead the court there is nothing linking this laptop to me.

9. My rights were violated when my trial counsel lied to me about the plea deal for the PV & bribery charge.

10. Ineffective assistance of counsel.

11. My rights were violated when the court did not admit credit card evidence into the record and my lawyer was (sic).

12. My rights under the 14th Amendment have been violated under Sec. 1 nor shall any state deprive any person of life liberty without due process of law.

13. The evidence was altered and should not be admis[sible] in court.

Doc. 7-1, pp. 223-284.  On October 20, 2015, Collins filed a motion for appointment of counsel.

Doc. 7-1, pp. 285-287.  On October 21, 2015, Collins filed a motion for discovery and

transcripts.  Doc. 7-1, pp. 288-289.  On December 18, 2015, Collins filed a motion for change of

venue.  Doc. 7-1, pp. 290-292.  Also, on December 18, 2015, Collins filed a motion for new trial

and motion for appointment of counsel in connection with his motion for new trial based on

alleged newly discovered evidence.  Doc. 7-1, pp. 293-336.  On December 22, 2015, the State of

Ohio opposed Collins' post-conviction requests for relief, arguing that his request was untimely

and there was no basis or support for the relief being requested.  Doc. 7-1, pp. 337-346.  Collins

also filed a motion for leave on January 19, 2016, again seeking discovery and/or a new trial.

Doc. 7-1, pp. 347-360.  On February 9, 2016, the trial court denied Collins' motion for change of

venue (Doc. 7-1, pp. 361-362) and petition for post-conviction relief, finding the petition barred

by res judicata and/or without merit (Doc. 7-1, pp. 363-364).

On April 19, 2016, Collins filed a motion for "unaltered discovery documents."  Doc. 7-1, pp. 365-374.  The trial court denied the motion on May 27, 2016.  Doc. 7-1, p. 375.

Collins did not file appeals from the rulings on his post-conviction requests for relief.

**E.**      **State habeas corpus petition**

On June 30, 2017, Collins, through counsel, filed a complaint for writ of habeas corpus

with the Supreme Court of Ohio.  Doc. 7-1, pp. 376-463.  On September 27, 2017, the Supreme

Court of Ohio dismissed Collins' petition.  Doc. 7-1, p. 464.

**F.**      **Federal habeas corpus petition**

On October 31, 2017, Collins, through counsel, filed his federal habeas corpus petition

(Doc. 1) raising four grounds for relief:

**GROUND ONE**: The petitioner has never entered a guilty plea, a no contest plea or been found guilty after a trial and his ten felony convictions and 170 month sentence violate the Fourteenth Amendment of the U.S. Constitution.

**GROUND TWO**: The petitioner's direct appeal counsel was constitutionally ineffective under Evitts v. Lucey, 469 U.S. 387 (1985) in failing to raise the issue that petitioner never entered guilty pleas and his convictions and sentence was in violation of the Fourteenth Amendment of the U.S. Constitution.

**GROUND THREE**: Petitioner is actually innocent of the ten felonies charged in the Information in State court because he never entered ten guilty pleas and never had a trial in violation of the Sixth and Fourteenth Amendments of the U.S. Constitution.

**GROUND FOUR**: AEDPA is unconstitutional on its face and as applied in this case.

Doc. 1, pp. 22-27.

On January 23, 2018, Respondent filed a motion to dismiss.  Doc. 7.   On March 22, 2018, Collins filed his response to the motion to dismiss.  Doc. 9.

### III.    Law and Analysis

Respondent argues that Collins' Petition should be dismissed because it is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Respondent also argues that Grounds One and Two should be dismissed based on a procedural default; Ground Three should be dismissed as not cognizable on federal habeas review; and Ground Four is moot and/or the constitutional challenge should be rejected.

In response, Collins contends that AEDPA as written and as applied to this case unconstitutionally restricts the Court's ability to correct federal constitutional violations and therefore he argues that Respondent's reliance upon AEDPA to argue that his Petition is untimely is not proper.  Alternatively, Collins argues that, notwithstanding the untimeliness of his Petition, the Court should allow his claims to be heard on the basis of equitable tolling. Collins also argues that he exhausted his claims in state court and therefore his claims are not

procedurally defaulted.  Alternatively, he argues that any default should be excused based on his claim of innocence.  Additionally, Collins contends that the state courts unreasonably determined facts, asserting that there is no factual basis for the state courts' determination that Collins entered ten separate guilty pleas.

**A.**  **Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**B.**  **AEDPA statute of limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of --
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

10

> (B)   the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## C.    Application of AEDPA's statute of limitations to this case

Collins' contention that AEDPA's statute of limitations does not control in this case
because AEDPA is unconstitutional is without merit.   In making this argument, Collins relies on
dissenting opinions.  Doc. 1, p. 25.  Furthermore, a similar challenge was recently addressed and
rejected by another court in this district.  In that case, the court observed that the Sixth Circuit
had not addressed the specific question of AEDPA's constitutionality and noted that other
circuits and district courts within the Sixth Circuit had rejected challenges to AEDPA's
constitutionality.  *Hudson v. Cook*, 2018 WL 2041776, * 1 (N.D. Ohio May 2, 2018) (Helmick,
J.) (internal citations omitted).  The court overruled the petitioner's challenge to the
constitutionality of AEDPA, concluding that there was "authority to support application of the
AEDPA and [there was] no decision by the Sixth Circuit to the contrary[.]"  *Hudson v. Cook*,
2018 WL 2041776, * 2.  Considering the foregoing, the undersigned finds no basis upon which
to conclude that AEDPA is unconstitutional.  Thus, AEDPA's statute of limitations is applicable
to Collins' Petition.

**D.      Collins' petition is barred by AEDPA's statute of limitations**

The court of appeals issued its decision affirming Collins' convictions and sentence on May 18, 2015.  Doc. 7-1, pp. 148-169.  Collins had 45 days to appeal that decision to the Supreme Court of Ohio but did not file a timely appeal.  *See* S. Ct. Prac. R. 7.01 (notice of appeal to perfect a jurisdictional appeal to the Supreme Court of Ohio shall be filed within 45 days from the entry of judgment being appealed).

Under 28 U.S.C. § 2244(d)(1)(A),[6] Collins' conviction became final and the AEDPA statute of limitations began to run when Collins' appellate filing deadline expired, i.e., July 2, 2015, or 45 days after the Third District Court of Appeals affirmed his convictions and sentence. *See Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) (For petitioners not seeking review in the Supreme Court, "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.").   Thus, under 28 U.S.C. § 2244(d)(1)(A), the one-year AEDPA statute of limitation started to run on July 3, 2015, and expired a year later on July 3, 2016.

Collins filed his federal habeas Petition with this Court on October 31, 2017, over a year after the expiration of the AEDPA one-year statute of limitation.  Accordingly, absent tolling, Collins' Petition is barred by the one-year statute of limitations under § 2244(d)(1)(A).

**1.   Collins' Petition is not made timely as a result of statutory tolling**

*Statutory tolling principles*

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts.  *Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003).  "An application for post-conviction or other collateral review is 'properly filed'

---

[6] Collins does not contend that an alternative provision of 28 U.S.C. § 2244(d)(1) should be used to calculate a later starting date for the statute of limitations.

when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 363-365, 148 L.Ed.2d 213 (2000)). Thus, "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *See Allen v. Siebert*, 552 U.S. 3, 5 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)); *see also Israfil*, 276 F.3d at 771-772 (a post-conviction petition deemed untimely pursuant to Ohio law is not "properly filed" and, therefore, does not toll the statute of limitations).

"[A]n application is pending so long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). "In other words, until the application has achieved a final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.* at 220. This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

<u>*Application of statutory tolling principles to Collins' Petition*</u>

Respondent argues that statutory tolling does not result in Collins' Petition being deemed timely filed. Although Collins raises objection to the application of AEDPA's statute of limitations to his Petition, Collins does not specifically dispute Respondent's argument regarding statutory tolling. For the reasons explained below, the undersigned agrees that statutory tolling

does not save Collins' Petition from being barred by the statute of limitations.  The undersigned's statutory tolling analysis differs slightly from Respondent's.

As indicated above, Collins' conviction became final on July 2, 2015.  Thus, the statute of limitations started to run on July 3, 2015.  On July 31, 2015, Collins filed a motion for delayed appeal in the Supreme Court of Ohio.  Doc. 7-1, pp. 170-171, 172-199.  Up and until (but not including) July 31, 2015, the statute of limitations had run for 28 days.  As a result of this filing, the statute of limitations was tolled until September 30, 2015, when the Supreme Court denied Collins' motion for a delayed appeal and dismissed the matter.  Doc. 7-1, p. 200.

While Collins' motion for delayed appeal was pending, he filed an application for reopening on August 3, 2015.  Doc. 7-1, pp. 201-11.  The court of appeals denied the motion for reopening on September 21, 2015.  Doc. 7-1, pp. 212-213.  Although Collins did not appeal the court of appeals' denial of his application for reopening to the Supreme Court of Ohio, the statute of limitations remained tolled for the 45 day period during which Collins could have, but did, not seek review in the Supreme Court of Ohio.  *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016) (finding "AEDPA's one-year statute of limitations was tolled during the period in which [petitioner] could have, but did not, appeal the Michigan Court of Appeals' denial of his motion for post-conviction relief[]").  Thus, the application for reopening remained pending until November 5, 2015, i.e., 45 days from the September 21, 2015, court of appeals' decision denying the application.

While Collins' application for reopening remained pending, on October 20, 2015, Collins filed his state post-conviction petition.  Doc. 7-1, pp. 222-284.  The state trial court denied Collins' petition on February 9, 2016.  Doc. 7-1, pp. 363-364.  Although Collins did not appeal the trial court's denial of his requests for post-conviction relief, the statute of limitations

14

remained tolled for the 30 day period during which he could have appealed.[7] *See Holbrook*, 833 F.3d at 612.

Thus, although the application for reopening was no longer pending as of November 5, 2015, tolling continued because Collins' state post-conviction petition remained pending. The statute of limitations resumed on March 11, 2016, and Collins had 337 days,[8] or until February 13, 2017,[9] to file his federal habeas petition.

Collins' April 19, 2016, motion for "unaltered discovery documents" did not toll the statute of limitations. *See Johnson v. Randle*, 28 Fed. Appx. 341, 343 (6th Cir. 2001) (unpublished) (motions for production of documents and copy of court record do not toll the statute of limitations under 28 U.S.C. § 2244(d)). Collins' April 10, 2017, "motion for appropriate relief" and June 30, 2017, state habeas petition did not serve to toll the statute of limitations because they were filed after the statute of limitations had expired. *See Vroman,* 346 F.3d at 602 ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

As discussed above, taking into account statutory tolling principles, Collins' Petition was due by February 13, 2017, but he did not file his Petition until October 31, 2017. Thus, even with statutory tolling, his Petition is untimely under 28 U.S.C. § 2244.

### 2. Collins is not entitled to equitable tolling of the statute of limitations

*Equitable tolling principles*

---

[7] "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App. R. 3 within 30 days of that entry." Ohio App. R. 4(A)(1).

[8] 28 days had lapsed, leaving 337 days remaining (365-28).

[9] February 11, 2017, is the 365th day. February 11, 2017, was a Saturday. Thus, Collins' Petition was due on February 13, 2017. *See* Fed. R. Civ. P. 6(a)(1)(c) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

AEDPA's statute of limitations is subject to equitable tolling.  *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)).  Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Robinson v. Easterling*, 424 Fed. Appx.  439, 442 (6th Cir. 2011)  (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  There are two forms of equitable tolling: (1) *traditional* equitable tolling; and (2) *actual innocence* equitable tolling.  As discussed below, a petitioner, by satisfying the *Holland* two-part test, may be entitled to traditional equitable tolling.  Additionally, a petitioner may be entitled to actual innocence equitable tolling.  However, for the reasons set forth below, Collins is entitled to neither form of equitable tolling.

*Application of equitable tolling principles to Collins' Petition*

*Collins is not entitled to traditional equitable tolling*

A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently[;]" <u>and</u> (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649.  Equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling."  *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted).

Collins argues that egregious attorney misconduct occurred and suggests that he should therefore be entitled to equitable tolling because this alleged conduct prevented him from timely filing his federal habeas petition.  Doc. 9, p. 5.  He states that, first, his trial counsel failed to ensure that the State presented evidence in a trial and then he failed to object to the trial court

accepting ten guilty pleas.  Doc. 9, p. 5.  Second, he states that, on appeal, his counsel failed to recognize the fundamental constitutional errors that occurred at the trial court level.  Doc. 9, p. 5. Notwithstanding Collins' claims of alleged egregious conduct, Collins fails to show how such conduct, even if found to be an "extraordinary circumstance," "prevented timely filing" of his federal habeas petition.  The conduct of which Collins complains occurred in 2014.  He did not, however, file his federal habeas petition until October 31, 2017.

Collins also argues that he has pursued his rights diligently.  However, the record shows otherwise.  Collins did not timely file an appeal with the Supreme Court of Ohio from the court of appeals' decision affirming his convictions and sentence. Collins did not appeal the court of appeals' decision denying his application for reopening.  While Collins claims he did not receive a copy of the court of appeals' decision, the state court of appeals considered this claim and rejected it, finding that service of the judgment on all parties was noted on the docket in compliance with Ohio App. R. 30(A) and Collins' self-serving averment that he never received a copy was insufficient, alone, to rebut the presumption that he was served with a copy of the judgment.  Doc. 7-1, 220.  Collins also did not appeal the state trial court's rulings on his post-conviction requests for relief.

Considering the foregoing, the undersigned concludes that, even if Collins could demonstrate that the alleged egregious conduct of his trial and direct appeal counsel dating back to the trial court level and direct appeal was an "extraordinary circumstance [that] stood in his way and prevented timely filing," Collins has not demonstrated the first prong of the two-part *Holland* test, namely, that "he has been pursuing his rights diligently[.]" *Holland*, 560 U.S. at 649.  Accordingly, traditional equitable tolling is not warranted.

17

*Collins is not entitled to actual innocence equitable tolling*

In addition to equitable tolling under the traditional two-part test outlined above, "a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court has underscored the fact that "the miscarriage of justice exception . . . applies to a *severely confined category*: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schulp*, 513 U.S. at 329) (emphasis supplied).

Collins contends that his claims should be heard under the actual innocence exception. Doc. 9, pp. 3-4. He contends there was no evidence presented at trial and he never pleaded guilty. Doc. 9, p. 4. Therefore, he argues that the presumption of innocence guaranteed him by the U.S. Constitution was never overcome. Doc. 9, p. 4. Notwithstanding this argument, Collins fails to provide evidence, new or otherwise, that demonstrates his actual innocence. Rather, his claim amounts to one of legal insufficiency. Accordingly, the undersigned finds the Collins is not entitled to tolling based on a claim of actual innocence.

Relying on *Boykin v. Alabama*, 395 U.S. 238 (1969), Collins also contends that the trial

18

court failed to produce a record affirmatively showing that Collins' entered a knowing and voluntary plea and that the state court of appeals unreasonably determined that Collins entered guilty pleas to the 10 counts.  Doc. 9, pp. 6-8.  Collins' arguments in this regard appear to pertain to the merits of his grounds for relief rather than to the issue of tolling.   Yet, in the interest of providing a thorough report for the Court, to the extent that Collins' arguments are made in an attempt to demonstrate that tolling of the statute of limitations is warranted, the undersigned has considered these arguments but finds no merit to them.

Having reviewed the plea hearing transcript, the undersigned finds that, consistent with *Boykin*, the trial court's record shows that the trial court made sure that Collins had a full understanding of the plea and consequences associated therewith and that Collins' entered pleas that were knowing and voluntary.  Doc. 7-1, pp. 387-416.  Additionally, the state court of appeals concluded that Collins entered knowing, voluntary and intelligent guilty pleas (Doc. 7-1, p. 164, ¶ 21, Doc. 7-1, p. 212), and the undersigned cannot conclude that the state court's determination in this regard was unreasonable.  For instance, during the plea hearing, the following exchange occurred:

> Mr. Horvath [defense counsel]: Your honor, he acknowledges receipt of the bill of information.  He waives the reading.  He waives defects as to time place and manner of service.  He has waived the twenty-four hour rule and he will tender guilty pleas to those ten counts.
>
> The Court: Mr. Collins, again do you understand what your lawyer is saying on your behalf there?
>
> The Defendant: Yes.
>
> The Court: Is that what you want to do?
>
> The Defendant: Yeah.

Doc. 7-1, p. 400.

The trial court then proceeded to explain to Collins the charges being filed against him and the rights he was waiving by pleading guilty, including his right to a jury trial, right to cross-examine witness, and right to testify on his own behalf.  Doc. 7-1, pp.  400-406.  Therafter, the following exchange occurred:

> The Court: Other than what's been said here in open court about the plea arrangement, has anyone made any promises to you or made any threats against you to get you to enter these pleas?
>
> Defendant: No.
>
> The Court: In light of all the things I've told you about.  All the rights you give up by entering guilty pleas, the possible penalties involved for these ten Fourth Degree Felonies and the fact again the Court's not legally required to go along with the sentence recommendation, taking all those things into account; do you believe the pleas here are in your best interest?
>
> The Defendant: Yeah.
>
> The Court: Are those pleas then of your own free will?
>
> The Defendant: Yeah.

Doc. 7-1, p. 406.

Following these exchanges, Collins commented that he was not sure if he was clear in his own mind regarding the effect of entering the pleas.  Doc. 7-1, p. 407.  The trial court inquired about Collins' claimed lack of clarity.  Doc. 7-1, pp. 407-408.  Collins then indicated that they should proceed with what they were doing.  Doc. 7-1, p. 408.  The trial court reminded Collins that it was the trial court's responsibility to ensure that Collins was entering his pleas knowingly and then asked Collins whether he understood the proceedings.  Doc. 7-1, p. 408.  Collins responded "I understand."  Doc. 7-1, p. 408.  The following exchange then took place:

> The Court: Is it still your desire to tender these guilty pleas pursuant to the plea agreement?
>
> The Defendant. Yeah.

Doc. 7-1, p. 409.

Later during the hearing, Collins stated, "Well, I'm taking a plea deal it doesn't mean it's true.  It just means I'm taking your deal because I don't have no choice because if I go to trial and lose, I'll get life [.]"  Doc. 7-1, p. 412.  The trial court then discussed pleas under *Alford v. North Carolina* and asked Collins whether he desired to tender the plea because he believed it was in his best interest.  Doc. 7-1, pp. 412-413.   Collins responded "It's in my best interest." Doc. 7-1, p. 413.  The trial court thereafter accepted his plea.  Doc. 7-1, p. 413.

Based on the foregoing, the undersigned finds no basis upon which to find that Collins is entitled to tolling of the statute of limitations.  Accordingly, the undersigned recommends that the Court find that Collins' Petition is barred by AEDPA's statute of limitations.

## IV.    Conclusion and Recommendation

For the reasons set forth above, the undersigned concludes that Collins' Petition is barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).[10]  Thus, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 7) and **DISMISS with prejudice** Collins' Petition (Doc. 1) as barred by the statute of limitations.


May 25, 2018                                /s/ *Kathleen B. Burke*
_____
                                         Kathleen B. Burke
                                         United States Magistrate Judge


## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the

---

[10] Respondent also argues that the Petition should be dismissed as presenting claims that are procedurally defaulted and/or claims that are not cognizable on federal habeas review.  The Court need not consider those alternative grounds since the Petition is barred by the statute of limitations.

right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).