IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John R. Collins,                                Case No. 3:17 CV 2299

                Petitioner,    ORDER ADOPTING
                                REPORT AND RECOMMENDATION

     -vs-                                    JUDGE JACK ZOUHARY

Warden Tim Shoop,

                Respondent.

## INTRODUCTION

John Collins, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). The Warden filed a Motion to Dismiss the Petition as time barred, procedurally defaulted, and/or for presenting non-cognizable claims (Doc. 7). Respondent's Motion to Dismiss indicates that Tim Shoop is now Warden at Chillicothe Correctional Institution (Doc. 7 at 1). Accordingly, the case caption is updated to read "*John R. Collins v. Warden Tim Shoop*." Collins responded to the Motion (Doc. 9). The case was referred to Magistrate Judge Kathleen Burke for a Report and Recommendation (R&R). The R&R (Doc. 10) recommends this Court dismiss the Petition as untimely. Collins timely objected to the R&R (Doc. 11). This Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981).

## BACKGROUND

As Collins does not meaningfully object to the procedural history and facts set forth in the R&R (Doc. 10 at 2–9), this Court incorporates them by reference and briefly sets forth the timeline of his state appeals.

In July 2014, a plea hearing was held in Collins' state court criminal proceedings. At the conclusion of the hearing, the trial court accepted Collins' plea, ordered a presentence report, and referred him to Court Diagnostics for a mitigation examination (Doc. 7-1 at 413). In September 2014, Collins was sentenced to 170 months of imprisonment -- seventeen months for each of ten counts of pandering sexually oriented matter involving a minor, to be served consecutively (*id.* at 37–38).

The state appellate court affirmed the judgments of the trial court in May 2015 (*id.* at 148–69), and the Ohio Supreme Court denied Collins' motion for a delayed appeal and dismissed the matter in September 2015 (*id.* at 200). Collins filed an Ohio Appellate Rule 26(B) application to reopen his appeal, which was also denied in September 2015 (*id.* at 212–13). In April 2017, over a year and a half later, Collins filed a "motion for appropriate relief" with the state appellate court. The motion was denied (*id.* at 219–21). Collins did not appeal the decision to the Ohio Supreme Court.

Between October 2015 and January 2016, Collins filed various motions for state post-conviction relief, but the motions were denied in February 2016 (Doc. 10 at 7–8). Collins filed a motion for "unaltered discovery documents" in April 2016, which was denied in May 2016 (Doc. 7-1 at 365–75). In June 2017, Collins filed a petition for writ of habeas corpus in the Ohio Supreme Court (*id.* at 376–84). The petition was dismissed in September 2017 (*id.* at 464).

On October 31, 2017, Collins filed this Petition (Doc. 1).

### STANDARD OF REVIEW

A district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). To determine whether a state court

decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of Supreme Court decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 774–75 (6th Cir. 2013).

## DISCUSSION

As an initial matter, Collins makes several conclusory criticisms of, and general objections to, the R&R as a whole. However, he does not offer any specific factual or legal basis for many of these statements. The purpose of written objections is "to provide the district court with the opportunity to consider the specific contentions of the parties" and to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (internal quotation marks and citation omitted). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "[V]ague, general, or conclusory objections" do not trigger this Court's *de novo* review. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This Court will therefore address only Collins' specific objections.

The R&R recommends dismissing the Petition as time barred under 28 U.S.C. § 2244(d)(1)(A). Collins does not raise any specific objections to the conclusion that the Petition is time barred absent tolling, or that statutory tolling is insufficient to save the Petition (*see* Doc. 10 at 12–15). Instead, he contends that traditional equitable tolling and actual innocence tolling apply (Doc. 11 at 2–7, 10–12). In the alternative, he argues the Antiterrorism and Effective Death Penalty

3

Act of 1996 (AEDPA) "as written and as applied in this case unconstitutionally restricts this Court's ability to remedy federal Constitutional violations" (*id.* at 10, 12–13). Collins further argues that he never entered a guilty plea, and that the state court and R&R findings that a guilty plea was entered, and entered knowingly and voluntarily, were unreasonable and unsupported by the record (*id.* at 2–3, 5–6, 8–10). This Court will address these arguments only as they relate to the timeliness of the Petition, rather than its merits.

**Traditional Equitable Tolling**

To be entitled to traditional equitable tolling, a habeas petitioner must demonstrate that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Equitable tolling is applied "sparingly" and is evaluated on a "case-by-case basis." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted).

As Collins correctly observes, the first prong of the equitable tolling test requires "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations omitted). He contends he satisfied this prong based on three events. First, after his direct appeal counsel failed to argue that he never entered any guilty pleas, he did so *pro se* through a timely Ohio Appellate Rule 26(B) application in August 2015 (Doc. 11 at 6). Second, he hired new counsel and filed a habeas corpus petition in the Ohio Supreme Court in June 2017 (*id.* at 7). Third, he filed the current Petition a month after the state habeas corpus petition was denied (*id.*). But even if these events were "act[s] of reasonable diligence" (*id.*), they are insufficient to show Collins pursued his rights diligently. Collins fails to address several significant gaps in his filings between the Rule 26(b) application and the state habeas corpus petition. And as the R&R recognizes, Collins failed to appeal, or failed to timely appeal, several state court decisions (Doc. 10 at 17).

4

Collins' claim also fails under the second prong of the equitable tolling test. Although it is true that serious attorney misconduct may serve as a basis for equitable tolling, *see Holland*, 560 U.S. at 651–52, the alleged attorney misconduct in this case occurred several years *before* the Petition was filed. This Court agrees with the R&R that Collins has failed to show how this conduct, "even if found to be an 'extraordinary circumstance,'" prevented him from timely filing the Petition (Doc. 10 at 17). Traditional equitable tolling is therefore unwarranted.

**Actual Innocence Tolling**

A habeas petitioner may also be eligible for equitable tolling if he demonstrates actual innocence. An actual innocence claim "if proved, serves as a gateway through which a petitioner may pass" despite "expiration of the statute of limitations." *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). But this gateway is narrow and only "applies to a severely confined category" of cases. *Id.* To succeed, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him" in light of "new reliable evidence" that was not previously presented. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Collins objects to the R&R finding that he is not entitled to actual innocence tolling because he "fail[ed] to provide evidence, new or otherwise, that demonstrates his actual innocence" (Doc. 10 at 18). He argues that "[n]o new evidence of innocence need be presented" in this case because "there was *no* evidence presented by the State initially in order to 'convict' him" (Doc. 11 at 11) (emphasis in original). He contends that because "there was no trial and no guilty plea," "[t]he record is factually deficient of any guilt" (*id.* at 4). Therefore, the state failed to overcome the presumption of innocence (*id.* at 11–12). He further argues that "[t]he Magistrate Judge has attempted to recast this argument as a legal 'insufficiency' argument when that is not the case" (*id.* at 5).

5

First, this Court agrees with the R&R that these arguments amount to a legal insufficiency challenge. Collins fails to provide any legal authority supporting his contention that he can satisfy the exacting *McQuiggen* standard without providing any evidence showing he is factually innocent of the crimes underlying his conviction. And this Court finds none.

Second, this Court agrees that the plea hearing transcript affirmatively shows Collins entered a guilty plea to ten counts of pandering sexually oriented matter involving a minor (*see* Doc. 7-1 at 388–413). Collins argues he did not enter a guilty plea recognized under the Federal Constitution or Ohio Criminal Rule 11 because (1) the trial court relies on "a sarcastic remark" by Collins that the plea is "in [his] best interest" (Doc. 11 at 3), and (2) "there is no State court record showing Mr. Collins uttering the word 'guilty'" (*id.* at 6).

But Collins testified multiple times throughout the hearing that he was accepting the plea agreement because he thought it was in his best interest (Doc. 7-1 at 406, 412–13), and nothing in the record suggests these remarks were sarcastic or insincere. Further, Collins has not provided, and this Court has not found, legal authority supporting his argument that a defendant must utter the word "guilty" in order to enter a valid guilty plea under *Boykin v. Alabama*, 395 U.S. 238 (1969) or Ohio Criminal Rule 11(C). A guilty plea is valid under *Boykin* if the record affirmatively demonstrates that it was entered knowingly, intelligently, and voluntarily, with an understanding of the consequences of the plea and the constitutional rights being waived. *Boykin*, 395 U.S. at 242–44. Consistent with *Boykin*, Ohio Criminal Rule 11(C) requires the trial court to review five constitutional rights with the defendant that are waived by pleading guilty: the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. The trial court must also determine that the defendant is making the plea voluntarily and understands

the charges against him, his possible sentence, and the effect of pleading guilty. The R&R and state appellate court opinion accurately reflect how these requirements were satisfied in this case (Doc. 7-1 at 156–64; Doc. 10 at 18–21; *see also* Doc. 7-1 at 388–413).

This Court also notes that although Collins never affirmatively "uttered" he was guilty during the plea hearing, he also never clearly protested his innocence. He simply stated, "Well, I'm taking a plea deal [--] it doesn't mean it's true. It just means I'm taking your deal because I don't have no choice because if I go to trial and lose, I'll get life. Right? So, I'm really not left with any options but to take this deal" (Doc. 7-1 at 412). Regardless, this Court finds that the plea in this case also satisfies *North Carolina v. Alford*, 400 U.S. 25, 36–38 (1970). *See also United States v. Tunning*, 69 F.3d 107, 110–12 (6th Cir. 1995); *State v. Piacella*, 27 Ohio St. 2d 92, 96 (1971).

For all of these reasons, Collins' actual innocence tolling argument fails.

**AEDPA Constitutionality**

Collins' challenges to the constitutionality of AEDPA need only be addressed to the extent they relate to the timeliness of his Petition. To the extent he challenges AEDPA's statute of limitations under the Suspension Clause, the Sixth Circuit, "[l]ike every other court of appeals to address the issue," has held that "AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus." *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009). And to the extent he challenges the constitutionality of AEDPA more generally and as applied to this case under the separation of powers doctrine, the only support he provides is an online article discussing comments made by Justice Sotomayor at a speaking event and a law review article (*see* Doc. 11 at 10–13). These authorities are far from controlling. As the R&R discusses, several circuit courts, and district courts within this Circuit, have rejected similar challenges. *See, e.g.*, *Hudson v. Cook*, 2018 WL 2041776, at *1–2 (N.D. Ohio 2018) (citing cases). *Cf. Hill*, 557 F.3d at 438–40 ("The Petition

Clause affords petitioners only a 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'") (citation omitted).

* * *

The Objection also contains a section titled "No Deference When State Fails to Address the Merits" (Doc. 11 at 13–15). However, this section does not contain any factual or legal arguments about *this case*, or how the R&R erred by concluding the Petition is untimely. The section seems to relate to unexhausted or procedurally defaulted claims, not untimely claims, and therefore does not impact the above analysis.

### CONCLUSION

The Objection (Doc. 11) is overruled. This Court adopts the R&R (Doc. 10), and dismisses the Petition as untimely (Doc. 1). Further, this Court certifies an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

July 20, 2018